**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. 06-26ML |
| | ) | |
| PEDRO HERNANDEZ | ) | |

MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2):

Now comes the defendant, Pedro Hernandez, by and through counsel, and moves this Honorable Court for a reduction in the sentence imposed in this case on June 23, 2006. This motion is made pursuant to 18 U.S.C. § 3582(c)(2) and is based upon the attached memorandum of points and authorities, all files and records in this case, and such further agreement and evidence as may be presented at the hearing on this motion.

Respectfully submitted
Ricardo Mejia
By his attorney,

/s/ George J. West

George J. West, Esq.
One Turks Head Place
Suite 312
Providence, RI 02903
(401) 861 9042
(401) 861 0330 (FAX)
Email:GEORGEW180@AOL.COM

**CERTIFICATION**

I hereby certify that on September 4 , 2008 a true copy of this document was delivered electronically using the CM/ECF system which will send notification to A.U.S.A.Terrence P. Donnelly, Esq.

/S/ George J. West

George J. West, Esq.
One Turks Head Place
Suite 312
Providence, RI 02903
(401) 861 9042
(401) 861 0330 (FAX)
Email: GEORGEW180@AOL.COM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. 06-26ML |
| | ) | |
| PEDRO HERNANDEZ | ) | |

MEMORANDUM IN SUPPORT OF
MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2):

On June 23, 2006, Pedro Hernandez was sentenced for Possession of Cocaine Base, in violation of 21 U.S.C. § 844(a) and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Mr. Hernandez was sentenced to 110 months imprisonment as to each Count to be served concurrently, with a period of three years supervised release. The sentence was imposed under the sentencing guidelines, with a base offense level computed under § 2D1.1 of the guidelines for a crack cocaine quantity of 9.47 grams. That base offense level, under the guidelines at the time, was 26. Combined with other guideline factors, a guideline range of 110 to 137 months was established. The Court imposed a sentence of 110 months, which was the low end of the established guideline range. The Government made a low end recommendation in accord with the plea agreement.

Subsequent to Mr. Hernandez's sentencing, on June 23, 2006, an amendment to § 2D1.1 of the guidelines took effect, which, generally, reduces base offense levels for most quantities of crack cocaine by two levels and, specifically, reduces the base offense level for the 9.47 gram quantity of crack cocaine in this case by two levels, to 24. *See* U.S.S.G. § 2D1.1. This amendment was adopted in response to studies which raise grave

doubts about the fairness and rationale of the 100-to-1 crack/powder ratio incorporated into the sentencing guidelines. *See generally* United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy (May 2007) (hereinafter "2007 SentencingCommission Report"); United States Sentencing Commission, *Report to Congress: Cocaine and Federal Sentencing Policy* (May 2002); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (April 1997); United States Sentencing Commission, Special Report to Congress: Cocaine and Federal Sentencing Policy (Feb. 1995). See also *Kimbrough v. United States*, 128 S. Ct. 558, 568-69 (2007) (discussing history of crack cocaine guideline and various Sentencing Commission reports). Yet the amendment is only a partial response, as the Sentencing Commission itself recognized. The Commission explained:

> The Commission, however, views the amendment only as a partial remedy to some of the problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to these problems. Any comprehensive solution requires appropriate legislative action by Congress. It is the Commission's firm desire that this report will facilitate prompt congressional action addressing the 100-to-1 drug quantity ratio.

2007 Sentencing Commission Report, supra, at 10.

Subsequent to the effective date of this amendment to § 2D1.1, the Sentencing Commission considered whether to make the amendment retroactive under the authority created by 18 U.S.C. § 3582(c)(2). It took that action on December 11, 2007, by including this amendment in the list of retroactive amendments in § 1B1.10 of the guidelines. *See* 73 Fed. Reg. 217-01 (2008). Based on this retroactivity, the statutory authority underlying it, and the Supreme Court's intervening decisions in

*Rita v. United States*, 127 S. Ct. 2456 (2007); *Gall v. United States*, 128 S. Ct. 586 (2007); and *Kimbrough v. United States*, supra, Pedro Hernandez brings this motion to reduce his sentence. It is suggested as well that the First Circuit precedent similarly supports this motion. Senior Judge Selya authored United States v. Rodriguez, 527 F.3d 221, 227-228 (1st Cir. P.R. 2008) for the court and recognized the changed landscape:

> Importantly, Kimbrough counsels a new and different approach to section 3553(a). Andujar-Arias illustrates this point. There, as in some other pre-Kimbrough cases, the court evaluated only the isthmian [*228] question of whether a particular item (there, fast-track disparity) could be considered under the aegis of a specific provision of section 3553(a) (there, section 3553(a)(6)). See Andujar-Arias, 507 F.3d at 736. But as we explain below, the Kimbrough Court's organic reading of section 3553(a) suggests that a sentencing judge should engage in a more holistic inquiry.

## ARGUMENT:

### A. PEDRO HERNANDEZ'S BASE OFFENSE LEVEL SHOULD BE REDUCED FROM 26 TO 24, TOTAL OFFENSE LEVEL FROM 25 TO 23 AND THE GUIDELINE RANGE FROM BETWEEN 110 AND 137 MONTHS IMPRISONMENT TO BETWEEN 92 AND 115 MONTHS IMPRISONMENT BASED ON THE AMENDMENT TO § 2D1.1

18 U.S.C. § 3582(c)(2) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the guideline policy statement which implements 18 U.S.C. § 3582(c)(2). Subsection (c) of that policy statement lists amendments that are covered by

the policy statement. One of the amendments so listed is amendment 706 to the guidelines. Amendment 706, referenced above, is the amendment that reduced the base offense level for crack cocaine offenses. *See* U.S.S.G., App. C, § 706.

Application of this amendment to the crack cocaine guideline in this case result in a decrease of the base offense level from 26 to 24, a decrease in the total offense level from 25 to 23, and a decrease in the resulting guideline range from a range of 110 and 137 months imprisonment to 92 and 115 months imprisonment.

Mr. Hernandez was found to be in the Possession of 9.47 Grams of Cocaine Base. At the time of imposition of sentence in this case, possession of such a quantity established an offense level of 26. This base offense level was increased by two points pursuant to § 2D1.1(b)(1) of the Sentencing Guidelines because of Mr. Hernandez's possession of a dangerous weapon at the time of commission of the crime, resulting in an adjusted offense level of 28. This adjusted offense level was further adjusted by a three point reduction based on Mr. Hernandez's acceptance of responsibility resulting in a Total Offense Level of 25. When coupled with Mr. Hernandez's Criminal History Category of VI, a guideline range of 110 to 137 months was established.

Pursuant to 18 U.S.C. § 3582(c), USSG § 1b1.10(c) and USSG § 2D1.1, Amendment 706, Mr. Hernandez seeks a retroactive reduction of his guideline calculations. Amendment 706 to § 2D1.1 establishes a base offense level of 24, where a quantity of at least 5 Grams but less than 20 Grams of Cocaine Base is involved, as opposed to the base offense level of 26 in place at the time of Mr. Hernandez's arrest. *See* USSG App. C, § 706. Further, the Sentencing Commission voted to make the crack cocaine amendment retroactive as of March 3, 2008, adding it to the list of other

retroactive amendments at USSG § 1B1.10. Due to the retroactivity of this amendment, Mr. Hernandez is eligible for sentencing modification consideration consistent with 18 U.S.C. § 3582(c).

Applying the guidelines in their current incarnation, a base offense level of 24 is established. When considering the 2 point increase under § 2D1.1(b)(1), for possession of a dangerous weapon and the three point reduction due to Mr. Hernandez's acceptance of responsibility a total offense level of 23 is established, which when coupled with Mr. Hernandez's Criminal History Category VI, establishes an applicable guideline range of 92 to 115 months.

**B. THE COURT SHOULD USE ITS DISCRETION UNDER *KIMBROUGH* TO REDUCE PEDRO HERNANDEZ'S SENTENCE TO 77 MONTHS IMPRISONMENT.**

One consideration to which the Court should give particular weight is a consideration expressly recognized by the Supreme Court in *Kimbrough v. United States*, 128 S. Ct. 558, as a ground for not following the Guidelines, the questionable nature of the crack/powder ratio. As the government itself acknowledged in *Kimbrough*, "the Guidelines 'are now advisory' and…, as a general matter, 'courts may vary [from Guideline ranges] based solely on policy considerations, including disagreements with the Guidelines.'" *Kimbrough*, 128 S. Ct. at 570 (quoting Brief for United States 16). While the government then tried to distinguish policy disagreement with the 100 to 1 crack/powder ratio from other policy disagreements, the Supreme Court squarely rejected that argument. *See Kimbrough*, 128 S. Ct. at 570-74.

In fact, the Court suggested that policy disagreement in this area was even *more* defensible than in other areas. It noted that, "in the ordinary case, the Commission's

recommendation of a sentence will 'reflect a rough approximation of sentences that might achieve § 3553(a) objectives,' *id* at 574 (quoting *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007)), and so "closer review may be in order when the sentencing judge varies from the Guidelines, based solely on the judge's view that the Guidelines range 'fails properly to reflect § 3553(a) considerations' even in a mine-run case." *Kimbrough*, 128 S. Ct. at 575. The Court then explained that this was not the case with the crack cocaine guidelines:

> The crack cocaine guidelines, however, present no occasion for elaborate discussion of this matter because those Guidelines do not exemplify the Commission's exercise of its characteristic institutional role. In formulating Guideline ranges for crack cocaine offenses, as we earlier noted, the Commission looked at the mandatory minimum sentences set in the 1986 Act, and did not take account of "empirical data and national experience." Indeed, the Commission itself has reported that the crack/powder disparity produces disproportionately harsh sanctions, *i.e.*, sentences for crack cocaine offenses "greater than necessary" in light of the purposes of sentencing set forth in § 3553(a). Given all this, it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence "greater than necessary" to achieve § 3553(a)'s purposes, *even in a mine-run case*.

*Kimbrough*, 128 S. Ct. at 574-75 (emphasis added)(citations omitted).

These concerns, moreover, are only partially assuaged by the recent amendment reducing the crack cocaine offense level. This was also recognized by the Supreme Court in *Kimbrough*:

> This modest amendment yields sentences for crack cocaine offenses between two and five times longer than sentences for equal amounts of powder. (Citation and footnote omitted.) Describing the amendment as "only…a partial remedy" for the problems generated by the crack/powder disparity, the Commission noted that "[a]ny comprehensive solution requires appropriate legislative action by Congress."

*Kimbrough*, 128 S. Ct. at 569 (quoting 2007 Sentencing Commission Report, pp. 3-4 at 10). *Kimbrough's* rationale for varying from the crack guidelines therefore, remains even after the new guideline is applied.

Were the Court to use its discretion and apply, even a 20 to 1 crack/powder ratio to Pedro Hernandez's case, the resulting base offense level would be 18.[1] When the proper adjustments are then factored in for possession of a firearm and acceptance of responsibility a total offense level of 17 would be established. Such an offense level, for a defendant with a Criminal History Category VI, carries a Guideline range of 51 to 63 months imprisonment. Therefore, the Court in its discretion could reduce Mr. Hernandez's sentence to the mandatory minimum five year sentence required by 21 U.S.C. § 844(a), and still be imposing a sentence at the top end of the guideline range using a 20 to 1 crack versus powder cocaine ratio.[2]

In the instant case, the presence of the firearm and the Combined Offense Level grouping rules embodied within §3D1.2 somewhat limit the Court's ability to impose the mandatory minimum sentence suggested above. Count II, Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), carries a Base Offense Level of 20 pursuant to USSG § 2K2.1, where the defendant has a prior felony conviction of either a crime of violence or a controlled substance offense, which Mr. Hernandez had. Further, § 2K2.1 provides for a four level increase if the defendant used or possessed any firearm

[1] Pedro Hernandez was charged with being in possession of at least 5 G but less than 20 G of Cocaine Base. The actual weight was 9.47 G of Cocaine Base. This amount using a 20 to 1 ratio would amount to at least 100 G but less than 200 G of Cocaine, which is a base offense level 18. USSG § 2D1.1.

[2] It is further noted that a 1 to 1 crack/powder ratio would result in a base offense level of 12 and a total offense level, after adjustment for the firearm and acceptance of responsibility, of 11 which calls for 27 to 33 months imprisonment for a defendant with a Criminal History Category VI.

in connection with another felony offence, here the possession of cocaine base. Therefore, the adjusted offense level is 24.

Pursuant to the grouping rules mentioned above, the higher base offense level of 26, as adjusted by Amendment 706 of the Guidelines is controlling. Therefore, after reduction in the base offense level by 3 points for acceptance of responsibility a total offense level of 23, carrying a guideline range of 92 to 115 months imprisonment is established for a Criminal History Category VI defendant. Mr. Hernandez asserts however, that in light of the still vast discrepancy in the crack to powder ratio established under Amendment 706 and the rationale of *Kimbrough* in varying from the guideline range, the Court should consider the lower base offense level of 24 established by Count II. This offense level, after reduction by three points for acceptance of responsibility, results in a total offense level of 21 and establishes a guideline range of between 77 and 96 months imprisonment for a Criminal History Category VI defendant.

Mr. Hernandez takes note of the Courts statement at sentencing that a lengthy prison term was warranted given the defendant's past history and the circumstances surrounding this particular arrest, as well as the Court's assertion that the services of the Federal System were particularly well suited to benefit the defendant. The defendant is further mindful of the concessions made by the government in not filing an 851 sentence enhancement in the instant case. However, in light of the *Kimbrough* rationale and the characteristics of this particular defendant, which were covered in depth at sentencing, the defendant asserts that a sentence at the lower end of the 77 to 96 month range would be a sufficient sentence and in line with this Court's sentencing statements and take in account the section 3553 concerns . Specifically, Mr. Hernandez requests a sentence

reduction to a term of 77 months imprisonment. As stated by the First Circuit in United States v. Rodriguez, 527 F.3d 221, 228 (1st Cir. P.R. 2008):

> In the final analysis, then, the gloss supplied by Kimbrough signifies that a district court should not evaluate a request for a variant sentence piecemeal, examining each section 3553(a) factor in isolation, but should instead consider all the relevant factors as a group and strive to construct a sentence that is minimally sufficient to achieve the broad goals of sentencing. This inquiry should be guided [**19] by, but not made unflinchingly subservient to, the concerns expressed in the statute's various sub-parts.
>
> Seen in light of the Supreme Court's neoteric teachings, a narrow focus on a particular factor in isolation, such as a single-minded fixation on whether fast-track disparity can fit within the confines of section 3553(a)(6), seems too cramped. After all, each sub-part enumerates "only one of several factors that must be weighed and balanced by the sentencing judge." United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006). So, whether or not the disparity of which the appellant complains is the type of disparity to which section 3553(a)(6) is addressed, Kimbrough, properly applied, teaches that a sentencing court should not rebuff such a complaint out of hand.

Such a sentence is within the range established by Count II of the plea agreement, is 17 months greater than the mandatory minimum sentence required by Count I of the plea agreement, and reflects a sentence significantly greater than 20 to 1 in terms of the crack cocaine to powder cocaine ratio, while simultaneously addressing the Court's concern that a lengthy prison term be imposed.

## **CONCLUSION:**

The change in the crack offense levels by the Sentencing Commission make Pedro Hernandez's eligible for sentencing guideline range of 92 to 117 months imprisonment based on Amendment 706 to the United States Sentencing Guidelines. The Court in line with recent Supreme Court and First Circuit jurisprudence has discretion to

further take into consideration the vast discrepancy in the crack to powder cocaine ratio and the defense respectfully submits ought to use its discretion by way of variance from the above guideline range and instead reduce Pedro Hernandez's sentence to 77 months imprisonment.

Respectfully submitted

Ricardo Mejia
By his attorney,

/s/ George J. West

George J. West, Esq.
One Turks Head Place
Suite 312
Providence, RI 02903
(401) 861 9042
(401) 861 0330 (FAX)
Email:GEORGEW180@AOL.COM

**CERTIFICATION**

I hereby certify that on September 4 , 2008 a true copy of this document was delivered electronically using the CM/ECF system which will send notification to A.U.S.A.Terrence P. Donnelly, Esq.

/S/ George J. West

George J. West, Esq.
One Turks Head Place
Suite 312
Providence, RI 02903
(401) 861 9042
(401) 861 0330 (FAX)

Email: GEORGEW180@AOL.COM